UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 14-3430(DSD/FLN)

Metropolitan Property and
Casualty Insurance Company,

        Plaintiff,

v.                                          **ORDER**

Jill Adamez ex rel. Alayna
Rae Adamez; Kelly McConnach,
individually and d/b/a A
Barrol of Fun Daycare; and
Gary McConnach,

        Defendants.

    Timothy J. O'Connor, Esq. and Lind, Jensen, Sullivan &
    Peterson, PA, 901 Marquette Avenue South, Suite 1300,
    Minneapolis, MN 55402, counsel for plaintiff.

    Isaac I. Tyroler, Esq. and TSR Injury Law, 7760 France
    Avenue South, Suite 820, Bloomington, MN 55435, counsel
    for defendants.

This matter is before the court upon the motion for judgment on the pleadings by plaintiff Metropolitan Property and Casualty Insurance Company (Metropolitan). Based on a review of the file, record, and proceedings herein, and for the following reasons, the court grants the motion.

**BACKGROUND**

This insurance-coverage dispute arises out of Metropolitan's denial of the claim for losses resulting from an accident at its insured's daycare. Defendant Kelly McConnach operates a licensed

daycare, A Barrol of Fun Daycare, out of her home in Cottage Grove, Minnesota. McConnach and her husband, Gary McConnach have a homeowner's policy with Metropolitan (Policy). See Compl. Ex. 1. The McConnachs do not have a separate insurance policy covering the daycare. The Policy contains the following exclusions:

> 4. Business. We do not cover bodily injury or property damage arising out of or in connection with your business activities. This exclusion applies but is not limited to an act or omission, regardless of its nature or circumstance, involving a service or duty rendered, promised, owed or implied to be provided because of the nature of the business....
>
> 5. Care of Persons. We do not cover your legal liability to any person resulting from your regular care of one or more persons anywhere for economic gain and regardless of whether such care or premises is licensed....

Id. at 33-34.

The relevant facts are not in dispute. Defendant Jill Adamez's daughter, Alayna Adamez, attended the daycare. Adamez paid McConnach $130 per week for daycare services. On July 13, 2012, Alayna Adamez was injured by another child when playing on the trampoline in the backyard of the daycare. She required surgery and incurred substantial medical bills. McConnach sought coverage for the accident under the Policy. Metropolitan denied coverage under the business exclusion set forth above. Answer & Countercl., Ex. A.

On July 11, 2014, McConnach and Adamez executed a <u>Miller-Shugart</u>[1] agreement and corresponding assignment under which McConnach assigned her claims against Metropolitan to Adamez and Adamez agreed not to seek damages from McConnach. Compl. Ex. 2 ¶ 18(a), Ex. 3 ¶ 1. In the <u>Miller-Shugart</u> agreement, McConnach expressly acknowledged that she, doing business as A Barrol of Fun Daycare, would very likely be found liable for Alayna Adamez's injuries. <u>Id.</u> Ex. 2 ¶ 4. The parties also acknowledged that the accident occurred while Adamez was attending the daycare. <u>Id.</u> ¶ 2. McConnach agreed not to oppose liability and stipulated to the entry of liability by default. <u>Id.</u> ¶ 13. The parties agreed to submit the issue of damages to an arbitrator, but it is unclear whether any such arbitration has taken place. <u>Id.</u> ¶ 14.

On September 11, 2014, Metropolitan filed this action seeking a declaration that it owes no duty to defend or indemnify under the Policy or under Minn. Stat. § 65A.30, subd. 1. Metropolitan named Jill Adamez, McConnach, individually and doing business as A Barrol of Fun Daycare, and Gary McConnach as defendants. Defendants filed

---

[1] In a <u>Miller-Shugart</u> agreement, an insured may stipulate to a money judgment in favor of the injured party and, in return, the injured party releases the insured from personal liability and agrees to seek recovery directly from the insurer. <u>Miller v. Shugart</u>, 316 N.W.2d 729 (Minn. 1982); <u>Corn Plus Coop. v. Cont'l Cas. Co.</u>, No. 04-4270, 2007 WL 107676, at *1 (D. Minn. Jan. 9, 2007).

3

a counterclaim seeking a declaration that the accident is covered under the Policy. Metropolitan now moves for judgment on the pleadings.

**DISCUSSION**

**I.  Standard of Review**

The same standard of review applies to motions under Federal Rules of Civil Procedure 12(c) and 12(b)(6). <u>Ashley Cnty., Ark. v. Pfizer, Inc.</u>, 552 F.3d 659, 665 (8th Cir. 2009). Thus, to survive a motion for judgment on the pleadings, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." <u>Braden v. Wal-Mart Stores, Inc.</u>, 588 F.3d 585, 594 (8th Cir. 2009) (citation and internal quotation marks omitted). "A claim has facial plausibility when the plaintiff [has pleaded] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009). Although a complaint need not contain detailed factual allegations, it must raise a right to relief above the speculative level. <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007). "[L]abels and conclusions or a formulaic recitation of the elements of a cause of action" are not sufficient to state a claim. <u>Iqbal</u>, 556 U.S. at 678 (citation and internal quotation marks omitted).

**II.   Policy Coverage**

In Minnesota the interpretation of an insurance policy is a question of law. Am. Family Ins. Co. v. Walser, 628 N.W.2d 605, 609 (Minn. 2001). The court interprets an insurance policy in accordance with general principles of contract construction, giving effect to the intent of the parties. Thommes v. Milwaukee Ins. Co., 641 N.W.2d 877, 879 (Minn. 2002). The court gives unambiguous language its plain and ordinary meaning, and construes ambiguous language against the drafter and in favor of the insured. Id. at 880; Nathe Bros., Inc. v. Am. Nat'l Fire Ins. Co., 615 N.W.2d 341, 344 (Minn. 2000). Language is ambiguous if it is "reasonably subject to more than one interpretation." Columbia Heights Motors, Inc. v. Allstate Ins. Co., 275 N.W.2d 32, 34 (Minn. 1979). However, the court "guard[s] against invitations to find ambiguity where none exists." Metro. Prop. & Cas. Ins. Co. v. Jablonske, 722 N.W.2d 319, 324 (Minn. Ct. App. 2006) (citation and internal quotation marks omitted).

The insured must first establish a prima facie case of coverage. SCSC Corp. v. Allied Mut. Ins. Co., 536 N.W.2d 305, 311 (Minn. 1995), overruled on other grounds by Bahr v. Boise Cascade Corp., 766 N.W.2d 910, 919 (Minn. 2009). If coverage is established, the burden shifts to the insurer to prove that a policy exclusion applies. Id. at 313. The court strictly construes exclusions against the insurer, in light of the insured's

expectations. Thommes, 641 N.W.2d at 880. If the insurer demonstrates that an exclusion applies, the insured bears the burden of proving an exception to the exclusion. SCSC Corp., 536 N.W.2d at 314. Here, the parties dispute the application of the business exclusion and care-of-persons exclusion as set forth above.

## A.  Business Exclusion

In relevant part, the business exclusion provides that Metropolitan does not cover bodily injury "arising out of or in connection with your business activities." Compl. Ex. 1, at 33. The business exclusion is designed "to confine the homeowner's policy coverage to nonbusiness risks and to relegate business coverage to a commercial policy." Erickson v. Christie, 622 N.W.2d 138, 140 (Minn. Ct. App. 2001).

Defendants argue that the injury did not "arise out" daycare activities, and thus is covered under the Policy.[2] The court disagrees. The term "arising out of" is broadly construed and "generally connotes originating from, growing out of, or flowing from." Capitol Indem. Corp. v. Ashanti, 28 F. Supp. 3d 877, 883 (D. Minn. 2014) (citation and internal quotation marks omitted). Although "arising out of" requires "but-for" causation rather than proximate causation, "something more than literal but-for causation

---

[2] Defendants do not argue that any exception to the exclusion applies.

6

is necessary to find that an injury 'arose out of' a particular event or circumstance." Id.  There must be a showing that there is a "causal relationship between the place covered by insurance and the acts giving rise to legal liability." Murray v. Greenwich Ins. Co., 533 F.3d 644, 650 (8th Cir. 2008); cf. Ashanti, 28 F. Supp. 3d at 885 (finding that the business exclusion did not apply because the fact that the injured person was a "daycare worker rather than simply a visitor to the home did not contribute in any way to her injury").

Here, the daycare, as a business, is central to the injury sustained by Alayna Adamez.  Alayna Adamez was a client of the daycare when injured by another child on daycare premises at a time when McConnach was responsible for providing daycare services. Indeed, in the Miller-Shugart agreement, McConnach acknowledged her liability, not individually, but "d/b/a A Barrol of Fun Daycare." Compl. Ex. 2 ¶ 4.  Moreover, the accident is precisely the kind of risk associated with operating a daycare, and appropriately addressed through a commercial rather than homeowner's policy.  See Erickson, 622 N.W.2d at 141 ("Premiums for homeowner's policies would be inflated unreasonably if the homeowner's insurance pool were required to assume risks attendant upon commercial ventures.").  Under these circumstances, Alayna Adamez's injury bears a direct relation to the daycare as a business and thus arises out of that business within the meaning of the Policy.

Defendants argue that discovery is required to reveal certain facts about the accident. Defendants specifically contend that they need to explore whether McConnach's teenage daughter was watching Alayna Adamez and the other daycare clients at the time of the accident. If so, defendants argue that McConnach was not providing daycare services at the time of the accident because her daughter was not a daycare employee. Discovery on this issue would not affect the outcome, however. First, defendants, including the McConnachs, have direct and exclusive access to the facts they claim to be lacking. Defendants could have submitted an affidavit detailing the alleged missing facts in response to Metropolitan's motion, but failed to do so.[3] Second, coverage does not turn on who was watching Alayna Adamez. The undisputed facts are that Adamez was a daycare client when injured at the daycare. Even if McConnach delegated her daughter to supervise Alayna Adamez, her status as a daycare operator did not change. Nor did the home's status as a daycare facility disappear.

B.  **Care-of-Persons Exclusion**

Metropolitan also argues that coverage is precluded under the care-of-persons exclusion. This exclusion provides, in relevant part, that the Policy does not cover "liability to any person

---

[3] If additional facts had been provided, the court would have converted the motion into one for summary judgment. See Fed. R. Civ. P. 12(d).

8

resulting from [the insured's] regular care of one or more persons anywhere for economic gain." Compl. Ex. 1, at 34. The exclusion does not apply to "occasional care or babysitting." Id.

Defendants argue that this provision does not apply because the accident occurred on a trampoline not "needed or required" for the daycare. Although true, this fact is immaterial and does not render the provision inapplicable. Defendants also argue that if McConnach's daughter was responsible for daycare clients at the time of the accident, her supervision constituted "occasional care or babysitting" because she was not employed by the daycare. As noted, the Policy language applies even if McConnach's daughter was in charge at the time of the accident. Even assuming the facts defendants hope to develop, the court is satisfied that the exclusion applies. McConnach operated a daycare, was paid for her services by Jill Adamez, and Alayna Adamez was injured during her time as a daycare client on daycare premises. Additional discovery will not yield material contrary facts. As a result, judgment on the pleadings is warranted.

### III. Statutory Exclusion

Metropolitan argues that its decision to deny coverage is also supported by Minn. Stat. § 65A.30, subd. 1, which expressly precludes coverage "under a day care provider's homeowner's insurance for losses or damages arising out of the operation of day care services" unless specifically included in the policy or rider

9

for business coverage. Defendants respond that the statute does not apply because the accident did not "arise of out" the operation of the daycare. As discussed above, defendants' argument in this regard is without merit. As a result, the statute also prohibits coverage and judgment on the pleadings is warranted on this basis as well.

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1.  The motion for judgment on the pleadings [ECF No. 13] is granted; and

2.  The case is dismissed with prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  April 9, 2015

                                    s/David S. Doty
                                    David S. Doty, Judge
                                    United States District Court